UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY MILLAR,

    Plaintiff,

v.

THE LAKIN LAW FIRM, P.C., LAKINCHAPMAN, LLC, and BRADLEY M. LAKIN,

    Defendants.

Case No. 09-cv-101-JPG

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants's Motion to Strike Certain Paragraphs from Plaintiff's Complaint (Doc. 18). Plaintiff has responded and Defendants have replied. For the following reasons, the Court DENIES the Motion.

## BACKGROUND

Plaintiff's Complaint brings a claim for breach of contract, a claim under the Illinois Wage Payment and Collection Act, and a claim in quantum meruit alleging that he took on additional duties to the class action department of the defendant law firms and is entitled to additional compensation either under contract or as a matter of law. Plaintiff also brings a claim for wrongful discharge alleging that Defendants improperly terminated his employment because the medical condition of Plaintiff's son caused Defendants to incur significantly greater health insurance coverage costs. Defendants bring the instant motion seeking to have paragraphs 18, 19, 20 , 62 and 63 stricken from the Complaint.

Paragraphs 18-20 allege that in May 2006, Defendants were implicated in a scandal involving sex, drugs and obstruction of justice. According to the Complaint, the supervising attorney for the class action department recommended that a plan be implemented to shield the

class action department and its clients from the fallout from the scandal. The supervising attorney later left his employment, and Plaintiff assumed the duties of supervising attorney of the class action department, despite the ongoing scandal hanging over the law firm.

Paragraphs 62 and 63 allege that four other, non-party, former employees of Defendants also had their employment terminated because they caused Defendants to incur greater health insurance coverage costs.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(f), upon a motion or its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (discussing Rule 12(f) and stating that "courts should not tamper with pleadings unless there is a strong reason for so doing."). That an allegation is immaterial is not a sufficient basis on which to grant a motion to strike; the allegation must also be shown to be prejudicial or completely irrelevant. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992); *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997); *Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999). The burden on a motion to strike is upon the moving party. *Talbo*t, 961 F.2d at 664; *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F.Supp.2d 1028 (N.D. Ill. 1998).

The allegations in paragraphs 62 and 63 are not prejudicial or completely irrelevant. Plaintiff can state a prima facie case for wrongful termination without alleging that Defendants

fired others for the same improper reason that Plaintiff alleges they fired him. However, such allegations are not completely irrelevant because Plaintiff may need to present competent evidence that Defendants had a pattern of firing employees who exercised their rights under the Defendants's group health plan in order to show that Defendants's proffered reason for firing him was pretextual. In addition, the allegations are not redundant, impertinent or scandalous. Therefore, the Court will not strike the allegations in paragraphs 62 and 63.

The allegations in paragraphs 18, 19 and 20 involve a scandal, but are not scandalous within the meaning of Rule 12(f). A district court may strike an allegation as scandalous when it "bears no possible relation to the controversy, " or when the allegations are "devoid of any factual basis." *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654. Here, however, the allegations that Defendants were implicated in a scandal are well grounded in fact. Furthermore, Plaintiff presents the allegations as background material to explain why he took on greater duties within the class action department and why he is entitled to greater compensation than he was paid. Therefore, the allegations are related to the controversy, even if they are not strictly necessary to Plaintiff's claim. Accordingly, the allegations in paragraphs 18, 19 and 20 are not immaterial, redundant, impertinent or scandalous such that the Court will strike them.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Strike (Doc. 18).

**IT IS SO ORDERED.**

**DATED: April 30, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**