UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY MILLAR,

    Plaintiff,

v().

THE LAKIN LAW FIRM, P.C.,
LAKINCHAPMAN, LLC, and BRADLEY
M. LAKIN,

    Defendants.

Case No. 09-cv-101-JPG

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants's Motion to Dismiss or Stay the Proceedings (Doc. 21). Plaintiff has responded (Doc. 29), and Defendants have replied (Doc. 31). For the following reasons, the Court GRANTS in part and DENIES in part the Motion.

## BACKGROUND

For purposes of a motion to dismiss, the Court accepts as true the facts alleged in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007). Accordingly, for purposes of this motion, the Court accepts the following facts as true. Plaintiff Jeffery Millar, an attorney licensed in the states of Illinois and Missouri, began working for Defendant Lakin Law Firm (the Firm) in May 2000. On or about January 20, 2004, Millar and the Firm entered into a written employment agreement drafted by the Firm and executed by its president, Bradley M. Lakin. The employment agreement provided that it covered the term "commencing as of January 1, 2004 and ending December 31, 2004 . . . and shall automatically renew annually for an additional twelve-month period unless either party

hereunder provides the other party hereunder of written notice of termination at least 90 days prior to the applicable termination date." The employment agreement set Millar's base salary and provided for a class action bonus of 1 to 1.5 percent of the net fees "for those cases [Millar] has been personally assigned as the responsible attorney." The bonus compensation was capped at $200,000 annually. Furthermore, in order to be entitled to the bonus compensation, Millar "must be employed with the Firm as of December 31st of each year in which the Firm received the fee." The employment agreement specified Illinois law as the governing law.

In May 2006, a federal indictment was brought against Thomas Lakin, father of Defendant Bradley Lakin, on sex and drug charges. The Firm terminated the employment of Richard Burke, supervising attorney of the Firm's class action department, on January 4, 2007, after Burke recommended that a plan be developed to protect the interests of the department's clients in the event that Bradley Lakin or the Firm were indicted, sanctioned by the Illinois Bar, or were adversely impacted by the publicity surrounding the charges against Thomas Lakin. At that point, Millar assumed the duties of supervising attorney of the Firm's class action department. In November 2007, the Firm increased Millar's base compensation.

During the period of Millar's employment with the Firm, the Firm offered a group health insurance plan, in which Millar participated. In November 2007, Defendants switched the group health insurance provider from Aetna to United HealthCare, which offered reduced coverage. Millar's son has an extremely rare metabolic condition that requires him to take oral neurotransmitter precursor medications six times a day. The medication is expensive and difficult to obtain, but necessary to prevent Millar's son from suffering brain damage or death. Defendants have been aware of Millar's son's condition since shortly after his birth in 2003. United HealthCare initially refused to cover Millar's son's medication. After Millar threatened

2

litigation, United HealthCare, in February 2008, began covering the medication, at considerable additional expense to the group health plan. Shortly thereafter, Defendants began to falsely accuse Millar of excessive absenteeism and faltering work performance.

On December 19, 2008, the Firm reorganized and renamed itself LakinChapman. LakinChapman is a successor in interest to the Lakin Law Firm. Millar continued to fulfill the duties of supervising attorney of the class litigation department until December 29, 2008, when Defendants terminated his employment. Defendants did not provide Millar with 90 days written notice prior to terminating his employment. Millar has not received his base compensation since December 29, 2008, nor has he received his full bonus compensation.

On January 26, 2009, Defendants filed a declaratory judgment action in the Circuit Court of St. Charles County, Missouri seeking a declaration that Millar was an at-will employee, that no written employment contract existed, that Millar was discharged for cause, and that Lakin Law Firm owes Millar no additional money or benefits. On February 4, 2009, Millar brought this action, asserting a claim for breach of contract, a claim under the Illinois Wage Payment and Collection Act, and a claim in quantum meruit for the basic compensation and bonus compensation owed him. Millar also brings a claim for violation of ERISA, 29 U.S.C § 1140, alleging that Defendants wrongfully discharged him from his employment because he exercised his rights under the group health plan. For his ERISA claim, Millar seeks damages for humiliation, emotional suffering, and damage to his reputation, as well as punitive damages and attorney's fees.

Defendants bring this motion to dismiss or stay arguing that Millar cannot maintain a claim against Defendant LakinChapman because he has admitted that he never worked for that company. Defendants also maintain that the Court should abstain from exercising its jurisdiction

over this action under the doctrine annunciated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-21 (1976), in light of the declaratory judgment action pending in Missouri state court. Finally, Defendants argue that the Court should dismiss Millar's ERISA claim because he seeks relief not available under the statute.

## ANALYSIS

Defendants's claim that Millar has acknowledged he cannot state a claim against LakinChapman is easily disposed of. Defendants cite to arguments Millar made in a motion to dismiss the state court action wherein Millar points out that LakinChapman failed to allege that it had an employment relationship with Millar. Absent such allegation, Millar argued, LakinChapman had no standing to bring the declaratory judgment action against Millar. This is merely an argument that LakinChapman made insufficient allegations of standing. It is not an admission by Millar that he and LakinChapman did not have an employment relationship. Nor is it inconsistent with Millar's allegation in this action that LakinChapman is successor in interest to Lakin Law Firm. Therefore, Millar has not "pled himself out of court," and the Court will not dismiss LakinChapman from the action on that basis.

**I.      Colorado River Doctrine**

In ruling on a request to abstain under *Colorado River*, a federal court must be mindful of its "virtually unflagging obligation" to exercise the jurisdiction given it. *Tyrer v. City of Beloit, Ill.*, 456 F.3d 744, 750-51 (7th Cir. 2006) (internal quotation marks omitted). Because of this obligation, a court should only abstain when presented with the "clearest of justifications." *AAR Intern., Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (citation omitted). In most cases, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (internal

quotations omitted). Nevertheless, a federal court *may* stay an action in favor of concurrent state proceedings when it would promote "wise judicial administration." *Id.; AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (internal quotations omitted).

To determine whether *Colorado River* abstention is appropriate, the Court must undertake a two-step inquiry. First, it must determine whether the competing actions are parallel. *Tyrer v. City of South Beloit, Il.*, 456 F.3d 744, 751 (7th Cir. 2006). If they are, the Court must consider a number of factors that might demonstrate the existence of exceptional circumstances militating in favor of abstention. *Id*. "In applying these requirements, there is a general presumption against abstention." *Id*. (internal quotations omitted.)

### A. The Suits are Not Parallel

Two suits are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *AXA Corp. Solutions*, 347 F.3d at 278. In making the parallelism determination, "a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues. *Id*. at 752. "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005). While additional claims and addition of parties do not bar, by themselves, the application of *Colorado River,* claims that are incapable of resolution in the state forum will. See, *id*. at 593.

Here, Millar brings a claim under ERISA that is incapable of resolution in state court. Realizing this, Defendants argue that Millar's ERISA claim should be dismissed as fatally flawed. The remaining claims, they contend, are parallel to those in the Missouri action.

In Count IV, Millar alleges that his employment was terminated because he exercised his

5

rights under his employer's group health plan. ERISA § 510 provides, in relevant part, "It shall be unlawful for any person to discharge. . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan. . . . 29 U.S.C. § 1140. Here, Millar alleges that, by exercising his rights under the group health plan in insisting the plan cover his son's medication, he caused his employers to incur a considerable additional expense. He alleges that his employer fired him so that it would not incur that additional expense. Clearly, then, Millar has stated a cognizable claim under ERISA.

However, as noted above, Millar seeks damages for humiliation, emotional suffering, and damage to his reputation, as well as punitive damages and attorney's fees. The ERISA statute provides exclusively for equitable relief. The enforcement provision reads, in pertinent part:

> A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate *equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added).

The Supreme Court, in *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993) and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), has rejected an expansive reading of the term "equitable relief." And, as Defendants point out, the relief requested by Plaintiff is in no way equitable in nature. Plaintiff concedes the point, and asks permission of the Court to amend his complaint to plead for the proper relief. The Court will, therefore, dismiss Plaintiff's ERISA claim - Count IV- without prejudice, and will grant Plaintiff 30 days in which to file an amended complaint containing a prayer for appropriate relief. Assuming Plaintiff does so amend his complaint, this action and the Missouri state court action are not parallel for purposes of *Colorado River*, because the state court litigation cannot dispose of all the claims before the

federal court.

### B. No Exceptional Circumstances Exist

Even if the two actions were parallel, however, the Court would not abstain from exercising its jurisdiction in this action, because this case does not present the kind of exceptional circumstances in which abstention is appropriate. The Seventh Circuit has propounded ten factors which a district court should consider when deciding whether abstention is appropriate:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir.1992) (internal quotation marks omitted). Here, there is no property over which the state has assumed jurisdiction. Defendants do not argue that the Southern District of Illinois is an inconvenient forum. The law governing the contract claims is state law, however it is Illinois law, not Missouri law. The Missouri court is unable to hear Plaintiff's ERISA claim, making the state court action inadequate to protect the federal plaintiff's rights. Furthermore, the state action was filed just days before the federal action, and the proceedings have progressed apace.

Finally, and most importantly, this case simply does not fall into that narrow category of concurrent state and federal proceedings in which there exists the "clearest of justifications" for the Court to abandon its "virtually unflagging obligation" to exercise its properly invoked jurisdiction. It is, rather, a simple case of concurrent litigation. To find *Colorado River* abstention applicable in this case would be to allow the exception to become the rule.

## CONCLUSION

For the foregoing reasons, the Court **Grants in part and Denies in part** the Motion to Dismiss (Doc. 21). The Court **GRANTS the Motion as to Count IV** and dismisses that claim **without prejudice**. Plaintiff is **GRANTED thirty days** from the entry of this Order **in which to file an amended complaint** correcting the deficiencies addressed in this Order. The Court **DENIES** the Motion in all other respects.

**IT IS SO ORDERED.**
**DATED: June 23, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**