UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MILLAR,<br><br>        Plaintiff,<br><br>     v.<br><br>THE LAKIN LAW FIRM, P.C.,<br>LAKINCHAPMAN, LLC, and BRADLEY<br>M. LAKIN,<br><br>        Defendants. | Case No. 09-cv-101-JPG |

**MEMORANDUM AND ORDER**

       This matter comes before the Court on Defendants' Appeal of Magistrate Judge Philip M. Frazier's Decision (Doc. 71). Specifically, Defendants appeal Magistrate Judge Frazier's Minute Order (Doc. 70) of September 2, 2009, wherein the Court ruled unfavorably to Defendants on three requests for production and two designated subjects for Federal Rule of Civil Procedure 30(b)(6) deposition questions. Plaintiff has responded (Doc. 79), and Defendants filed a reply (Doc. 84).

       A district court reviewing a magistrate judge's decision on non-dispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2006).

       First, the Court notes that three of the rulings at issue (specifically, Request No. 3, Request No. 30, and Designated Subject No. 29) have already been sufficiently addressed on appeal. (Doc. 80). In fact, any document produced in response to Request No. 30 must be submitted to the Court *in camera*, which undoubtedly alleviates Defendants' relevancy and attorney-client privilege concerns. Therefore, the only disputed rulings that remain are Request No. 6 and Designated Subject No. 4, which concern documentation and information of *all* of Defendants' class action attorneys' fees from January 1, 2007, to present. Plaintiff argues that

the class action cases, including those on which he did not work, relate to his quantum meruit claim. The elements of quantum meruit "are the performance of services by the plaintiff, the receipt of the benefit of those services by the defendant, and the unjustness of the defendant's retention of that benefit without compensating the plaintiff." *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990). In other words, "the key element [of quantum meruit] is the unjustness of defendant's enrichment . . . ." *Id.* at 743. The Court sees no reason to confine any benefit that Defendants may have received to only those cases on which Plaintiff was working, let alone how a discovery ruling on the issue is tantamount to clear error. Plaintiff may or may not have conferred a general benefit upon Defendants in a manner that reaches beyond cases specifically assigned to him in terms of work product, leadership, effectiveness, efficiency, good will, and so on.

     The Court, being fully advised of the premises, does not find Magistrate Judge Frazier's decision falls below the deference afforded him. Accordingly, the Court **AFFIRMS** his rulings and **DENIES** the instant appeal (Doc. 71).

**IT IS SO ORDERED.**
**DATED: October 20, 2009**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**