UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY MILLAR,

    Plaintiff,

v.

THE LAKIN LAW FIRM, P.C.,
LAKINCHAPMAN, LLC, and BRADLEY
M. LAKIN,

    Defendants.

Case No. 09-cv-101-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Deny or, in the alternative, Motion for a Continuance (Doc. 93). Specifically, pursuant to Federal Rule of Civil Procedure 56(f), Plaintiff asks the Court to deny Defendants' Motion for Partial Summary Judgment (Doc. 83) or, alternatively, to extend Plaintiff's response time with respect to said motion due to its alleged prematurity. Rule 56(f) explicitly states as follows:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) deny the motion;
>     (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>     (3) issue any other just order.

Fed. R. Civ. P. 56(f).

Here, Plaintiff's motion contains the necessary affidavit, averring that certain depositions have yet to be taken in this case and that Defendant has yet to comply with the Court's Memorandum and Order (Doc. 90) of October 20, wherein it affirmed Magistrate Judge Frazier's ruling on three requests for production and two designated deposition subjects under Rule 30(b)(6). The Court, being fully advised of the premises, finds such discovery to be a necessary prerequisite to a meaningful response to Defendants' summary judgment motion.

Accordingly, the Court **GRANTS** the instant motion (Doc. 93) insofar as it requests an extension of the response period. Plaintiff's response to Defendants' Motion for Partial Summary Judgment (Doc. 83) shall be due within thirty days of completion of the depositions of Bradley Lakin, Steve Schweizer, and Robert Schmeiders, as well as Defendants' full compliance with the Court's previous Memorandum and Order (Doc. 90). However, the thirty-day clock shall not start any later than December 15. If Rule 56(f) concerns continue past said date, Plaintiff shall petition the Court for leave to file his response beyond January 14. Defendants' reply, if any, shall be filed within ten days of Plaintiff's response.

**IT IS SO ORDERED.**
**DATED: November 3, 2009**

>                                     s/ J. Phil Gilbert
>                                     **J. PHIL GILBERT**
>                                     **DISTRICT JUDGE**