UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MILLAR,<br><br>      Plaintiff,<br><br>    v.<br><br>THE LAKIN LAW FIRM, P.C.,<br>LAKINCHAPMAN, LLC, and BRADLEY<br>M. LAKIN,<br><br>      Defendants. | Case No. 09-cv-101-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Amend/Correct (Doc. 98) to which Plaintiff has filed a Response (Doc. 100).

Defendants seek reconsideration of the Court's Memorandum and Order (Doc. 95) of November 3, 2009, wherein the Court extended the response deadline for Plaintiff to respond to Defendants' Motion for Partial Summary Judgment and Memorandum in Support Thereof (Doc. 83) pursuant to Federal Rule of Civil Procedure 56(f).  Specifically, the Court ordered Plaintiff's response due within thirty days of completion of the depositions of Bradley Lakin, Steve Schweizer, and Robert Schmeiders, as well as Defendants' compliance with certain requests for production and designated deposition subjects.  Defendants have complied with the Court's directive concerning the requests for production and deposition subjects, but the aforementioned depositions have yet to be taken.

As Plaintiff points out, Defendants do not state the rule under which they seek reconsideration of this Court's previous order.  Federal Rules of Civil Procedure 59(e) and 60(b), by their very terms, apply only to *final* orders, proceedings, or judgments.  Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b); *see also, Aurora Bancshares Corp. v. Weston*, 777 F.2d 385, 386 (7th Cir.

1985) (*per curiam*). This case, however, remains ongoing; as such, Defendants may not seek reconsideration under Rule 59(e) or 60(b)

Nevertheless, reconsideration of interlocutory decisions "is a matter of a district court's inherent power." *Koelling v. Livesay*, 239 F.R.D. 517, 519 (S.D. Ill. 2006); *see also Canon U.S.A, Inc. v. Nippon Liner Sys., Ltd.*, No. 90C 7350, 1992 WL 137406, at *1 (N.D. Ill. June 2, 1992); *Giguere v. Vulcan Materials Co.*, No. 87 C 7043, 1988 WL 107387, at *4 (N.D. Ill. Oct. 13, 1988). Such reconsideration "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). Reconsideration of an interlocutory order may be granted where "the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (collecting cases). However, it bears noting that "[m]otions for reconsideration generally are not encouraged." *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *1 (C.D. Ill. May 11, 2007) (quoting *Wilson*, 470 F. Supp. 2d at 913); *see also Automatic Liquid Packaging, Inc. v. Dominik*, No. 86 C 5595, 1987 WL 26149, at *1 (N.D. Ill. Dec. 2, 1987).

Here, Defendants do not argue manifest errors of law or fact in the reasoning previously employed by the Court; accordingly, significant new facts must have been discovered if the Court is to modify its previous order. Indeed, Defendants argue that certain "judicial admissions"[1] made by Plaintiff since the Court's previous ruling merit immediate response to the

---

[1] These "judicial admissions" consist of statements made by Plaintiff during his state-court divorce proceedings.

partial summary judgment motion.  However, Plaintiff disputes the categorization of these statements as judicial admissions as well as their interpretation by Defendants.  The Court believes the aforesaid depositions in this case may shed light on whether such statements qualify as judicial admissions and whether they constitute unequivocal statements.  Put another way, in the absence of certain depositions, these new facts do not necessitate an immediate response to Defendants' motion, let alone a ruling by the Court.  "[A] court's rulings 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and 'ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.'"  *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1074 (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)); *see also Asllani v. Bd. of Educ. of City of Chicago*, 845 F. Supp. 1209, 1226 (N.D. Ill. 1993) (noting that, as a rule, motions for reconsideration "do nothing but express dissatisfaction with a prior ruling and ask the court to change its mind").

     For the foregoing reasons, the Court **DENIES** the instant motion (Doc. 98).  Further, in light of the Court's impending ruling on Plaintiff's Motion for Extension of Time (Doc. 99), the Court **ORDERS** that **Plaintiff shall have up to and including February 12, 2010, to take Defendants' depositions.  Plaintiff shall also have up to and including March 5, 2010, to file his response to Defendants' partial summary judgment motion.  Defendants' reply, if any, shall be no later than fourteen (14) days after said response.**

**IT IS SO ORDERED.**
**DATED: December 16, 2009**

                                                              s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**